UNITED STATES DISTRICT COURT
SOURTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA           :
   -against-                      :  No. 14 Cr. 518 (JFK)
                                   :  No. 19 Civ. 11906 (JFK)
DIONYSIUS FIUMANO,                 :
                                   :  **ORDER**
                               Defendant.    :
------------------------------------X

**JOHN F. KEENAN, United States District Judge:**

    On December 26, 2019, Defendant-Petitioner Dionysius Fiumano filed a <u>pro se</u> motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 14 Cr. 518, ECF No. 196.) In support of his petition, Fiumano has filed a Memorandum of Law (Docket No. 19 Civ. 11906, ECF No. 6), an Amended Memorandum of Law (Docket No. 19 Civ. 11906, ECF No. 11), and a Reply to the Government's Opposition (Docket No. 19 Civ. 11906, ECF No. 16). As relevant here, one of the claims Fiumano raises in support of his petition is that his trial counsel's representation was constitutionally ineffective. (<u>See</u> Docket No. 14 Cr. 518, ECF No. 196 at 23; Docket No. 19 Civ. 11906, ECF No. 6 at 47, 56–84; Docket No. 19 Civ. 11906, ECF No. 11 at 25; Docket No. 19 Civ. 11906, ECF No. 16 at 25.)

    In order to resolve Fiumano's ineffective assistance of counsel claim, it is necessary for the Court to hear from Fiumano's trial counsel, Dean Steward, Esq. <u>See</u> <u>Puglisi v. United States</u>, 586 F.3d 209, 213 (2d Cir. 2009). Fiumano, by

1

raising a claim of ineffective assistance of counsel in his petition, has waived attorney-client privilege as a matter of law. See Coluccio v. United States, 289 F. Supp. 2d 303, 305 (E.D.N.Y. 2003). The Court recognizes, however, that absent a court order, ethical concerns may inhibit Counsel from disclosing confidential information relating to a prior client. See, e.g., ABA Standing Comm. on Ethics and Prof. Responsibility Formal Op. 10-456 (July, 14, 2010), Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim.

Accordingly, it is hereby ORDERED that Fiumano's former counsel, Dean Steward, Esq., shall give sworn testimony, in the form of an affidavit, addressing Fiumano's allegations of ineffective assistance of counsel by no later than February 22, 2022. It is FURTHER ORDERED that Fiumano may not make any additional pro se filings without the Court's leave. Absent further order from this Court, Fiumano's petition will be considered fully submitted as of February 22, 2022.

**SO ORDERED.**

Dated:  New York, New York
        January 18, 2022

                                    John F. Keenan
                                    United States District Judge